IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

    vs.                                                        Case No. 1:23-cr-01714 KWR

DALE THOMAS JENKINS RICHARDSON,

    Defendant.

## ORDER CONTINUING STAY OF RELEASE ORDER

THIS MATTER is before the Court on Defendant's Motion for an Emergency Hearing and Immediate Release to the Halfway House (**Doc. 18**). The Court held Defendant's requested emergency hearing on December 7, 2023. In his motion, Defendant in part requested that the Court vacate its stay of the magistrate judge's release order and grant him immediate release. Doc. 18. The Court declines to vacate the stay until it has had an opportunity to receive briefing by the parties and the opportunity to conduct a full *de novo* review of the release order.

Defendant appears to believe that this court cannot review the magistrate judge's release order unless the United States files an *appropriate* motion with the district judge seeking review of the release order, in accordance with the procedures outlined in 18 U.S.C. § 3145. *See* Doc. 18 at ¶¶ 33-34. The Court disagrees.

Rather, Tenth Circuit precedent is clear that a district judge retains the right to conduct a *de novo* review, *sua sponte*, of any detention or release order issued by a magistrate judge under § 3145. *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003) ("it is within the district court's authority to review a magistrate's release or detention order sua sponte."). Moreover, the Court

may consider the evidence before the magistrate judge and may also consider new evidence presented by the parties. *Id.* at 617. Following the detention hearing, the Court entered a stay to protect its ability to conduct a full *de novo* review of the release order. Therefore, the Court exercises its right to *sua sponte* review the release order and declines to vacate the stay of the release order until it can conduct a full *de novo* review.

To the extent Defendant asserts that the undersigned can only revoke a release order if new information is available, the Court disagrees. Section 3145 "does not require that new information be available before a release or detention order can be reconsidered and revoked." *Cisneros*, 328 F.3d at 614.

Moreover, following the detention hearing, the Government has now filed a motion for review of the release order pursuant to 18 U.S.C. § 3145, and to stay release. Doc. 22. The Court grants that motion to the extent it requests stay of the release order pending full briefing.

Having conducted a review of the record in this case, including the briefing, the pretrial services report, and transcript of the detention hearing, the Court finds that a stay of the release order is appropriate so that the Court may conduct a full *de novo* review of the release order and issue a ruling.

 The Government shall file its full motion seeking review of the release order within seven (7) days of the entry of this order. Response and reply deadlines will be in accordance with local rules. *See* D.N.M. LR-Crim. 47.8.

**IT IS THEREFORE ORDERED** that the United States' Renewed Motion to Detain Defendant Pending Trial, Request for Stay of Release Order, and Notice of Appeal **(Doc. 22)** is **GRANTED IN PART** to the extent it seeks a stay of the release order pending full review of the release order under 18 U.S.C. § 3145.

**IT IS FURTHER ORDERED** that Defendant's Motion for an Emergency Hearing and Immediate Release to the Halfway House (Doc. 18) is **DENIED IN PART**, to the extent it requests the Court vacate the stay of the release order.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE