IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

vs.                                                    Case No. 1:23-cr-01714 KWR

DALE THOMAS JENKINS RICHARDSON,

    Defendant.

### ORDER VACATING STAY OF RELEASE ORDER

THIS MATTER is before the Court on Defendant's Motion for Emergency Relief Seeking Immediate Release (**Doc. 28**). As explained below, after conducting a *de novo* review of the record, the Court vacates its stay of the release order, and Defendant is directed to be released consistent with the conditions of release issued by Judge Fashing.

After conducting a detention hearing, Judge Fashing ordered that Defendant be released, and imposed conditions of release. See Doc. 13 (minutes of detention hearing); Doc. 21 (transcript of detention hearing). The Court issued a stay of that release order until it could conduct a *de novo* review of the record. The Government filed a placeholder motion appealing the release order to the undersigned, *see* Doc. 22, and the Court ordered the Government to fully brief its motion by December 14, 2023. Doc. 25. The Government did not file a timely brief on their detention motion and has not filed a motion for untimely extension establishing excusable neglect. Fed. R. Crim. P. 45(b).

Therefore, the Court proceeds to its *de novo* review of the record in this case, including but not limited to the briefing, the pretrial services report, and the transcript of the detention hearing.

"A defendant may be detained pending trial if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Mobley*, 720 F. App'x 441, 443–44 (10th Cir. 2017), *citing* 18 U.S.C. § 3142(e)(1).  "The government bears the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or the community by clear and convincing evidence." *Mobley*, 720 F. App'x at 443-44 (internal citations omitted), *citing United States v. Cisneros,* 328 F.3d 610, 615 (10th Cir. 2003).

Under § 3142(g), the Court must consider four factors as part of the evaluation: "(1) the nature and circumstances of the offense charged, including whether the offense ... involves a minor victim"; "(2) the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).  Moreover, because this offense involves a minor victim under 18 U.S.C. § 2422, there is a presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community."  18 U.S.C. § 3142(e)(3)(E).

A district judge may *sua sponte* order revoke a release order under § 3145.  The Court reviews the release order *de novo*.  *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).  Moreover, the Court may consider the evidence before the magistrate judge and may also consider new evidence presented by the parties.  *Id.*  at 617.

Conducting a *de novo* review and considering the § 3142(g) factors, for the same reasons stated on the record at the detention hearing, the Court concludes that Judge Fashing's conditions of release will reasonably assure Defendant's future appearance and the safety of the community. The Court finds that Defendant rebutted the presumption of detention by establishing his minimal

criminal history and his compliance with prior diversion programs. Moreover, he has lived his whole life in Albuquerque, he had a stable job before being arrested, and his family lives in New Mexico. The pretrial services report recommended that Defendant be released, and the report proposed conditions of release. Defendant has minimal criminal history and has demonstrated a history of compliance with conditions, completing a pretrial diversion program. Although Defendant's charges are serious, weighing the § 3142(g) factors and considering the facts in the record, the Court finds that conditions of release can be fashioned which reasonably assure his appearance and the safety of the community.

Therefore, the Court vacates its stay of the release order, and orders Defendant be released consistent with the conditions of release issued by Judge Fashing at the detention hearing.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Emergency Relief Seeking Immediate Release (**Doc. 28**) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Government's Request to Stay Release Order and Notice of Appeal **(Doc. 22)** is **DENIED**.

**IT IS FURTHER ORDERED** that the stay of the release order is **VACATED**.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE